1  Elizabeth A. O'Halloran
   MILODRAGOVICH, DALE &
2  STEINBRENNER, PC
   Attorneys at Law
3  P.O. Box 4947
   Missoula, Montana 59806-4947
4  Telephone: (406) 728-1455
   Fax No: (406) 549-7077
5  E-Mail: betho@bigskylawyers.com
   *Attorneys for Plaintiff*

6

7

8  MONTANA FOURTH JUDICIAL DISTRICT COURT, MISSOULA COUNTY

9  TONY GOLDEN,                          ) Dept. No. 2

10         Plaintiff,                    ) Cause No. DV-12-1257

11     -vs-                              )

12  NORTHWESTERN CORPORATION,            ) **COMPLAINT AND DEMAND**
    d/b/a NORTHWESTERN ENERGY,           ) **FOR JURY TRIAL**

13                                       )

14         Defendant.                    )

15         COMES NOW the Plaintiff, by and through counsel of record, and for

16  his complaint against Defendant, alleges as follows:

17         1.    Plaintiff, Tony Golden, is an individual residing in Missoula

18  County, Montana.

19         2.    Defendant, NorthWestern Corporation, doing business as

20  NorthWestern Energy, is a for profit corporation organized under the laws

21  of the state of Delaware.  Defendant has offices in Montana, including

22  offices in Missoula County.

23         3.    At all times material hereto, Plaintiff was employed by the

24  Defendant for nearly 20 years, most recently as a real estate

25  representative.

26         4.    Plaintiff was summarily terminated from his position of

27  employment with the Defendant on May 29, 2012.  Defendant terminated

28  the Plaintiff based on alleged violations of company policies pertaining to

FILED   OCT 2 4 2012

SHIRLEY E. FAUST, Clerk

By_____
        Deputy

the use of company resources.

5.    Plaintiff ws reprimanded in 2007 for using his computer for his personal real estate business and sales.  At the time he was given the reprimand, Tom Alexander and Pat Asay told Plaintiff to keep his activity "to a minimal to incidental."  Plaintiff was not told to cease the activity or to stop using the company computer or email.

6.    Plaintiff's activities in real estate sales did not impact his ability to effectively perform his job.

7.    Plaintiff was requested by other managers to pull comparable sales information for NorthWestern Energy's business; consequently, Plaintiff's licensure status in real estate benefitted the company.

8.    In the past 3 evaluation periods, Plaintiff's evaluations did not indicate any problems with his performance, nor was he warned that the incidental personal use of his computer for real estate sales was problematic.  His evaluations were good and surpassed those of other managers in his office.

9.    Plaintiff has received full bonuses over the course of his employment, other than the year he was placed on probation.

10.    Plaintiff performed his job functions and duties completely, with professionalism, and in accordance with his training and guidance from Defendant.

## COUNT I
## Wrongful Discharge

11    Plaintiff re-states and re-alleges Paragraphs 1 through 10 of his Complaint as if fully incorporated herein.

12.    Plaintiff's discharge was not for good cause and was in violation of the Montana Wrongful Discharge from Employment Act, Mont. Code Ann. § 39-2-904  because Defendant lacked good cause for the

COMPLAINT AND DEMAND FOR JURY TRIAL - Page 2

termination and because Defendant terminated Plaintiff's employment contrary to its express personnel policies.

## COUNT II
### Negligent Training and Supervision

13.   Plaintiff re-states and re-alleges the allegations of Paragraphs 1 through 12 as if fully incorporated herein.

14.   Defendant's supervisors had a duty to train and supervise the Plaintiff with reference to the performance of his duties and to properly inform Plaintiff of Defendant's expectations with regard to personal use of his computer.

15.   Defendant negligently trained and supervised Plaintiff with reference to his duties.

16.   Any performance problems identified by the Defendant in reference to Plaintiff's employment were the result of negligent training and supervision of the Plaintiff by the Defendant and failure to appropriately inform Plaintiff that any personal use of Defendant's computers would result.

WHEREFORE, Plaintiff prays for relief as follows:

1.   For all remedies and damages under Mont. Code Ann. § 39-2-905;

2.   For compensatory damages resulting from Defendant's tortious conduct;

3.   For cost of suit; and,

4.   For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims alleged in this Complaint.

COMPLAINT AND DEMAND FOR JURY TRIAL - Page 3

DATED this 23rd day of October, 2012.

MILODRAGOVICH, DALE
& STEINBRENNER, P.C.
*Attorneys for Plaintiff*

By: _____
    Elizabeth A. O'Halloran

12987/2 (lhm)
L:\worldox\DOCS\CLIENTFL\12987\002\CMP\00373335.WPD

COMPLAINT AND DEMAND FOR JURY TRIAL - Page 4