IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| TONY GOLDEN, | ) | CV 12-190-M-DLC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| NORTHWESTERN CORPORATION, | ) | |
| d/b/a NORTHWESTERN ENERGY, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Northwestern Corporation, d/b/a/ Northwestern Energy, filed a motion to dismiss Count II of Plaintiff Tony Golden's complaint on November 29, 2012 (doc. 5). Plaintiff failed to respond to Defendant's motion. Defendant's motion is well-taken and will be granted pursuant to Local Rule 7.1(d)(1)(B).

Plaintiff's complaint asserts claims for wrongful discharge (Count I) and negligent training and supervision (Count II) arising from his discharge from Northwestern Energy. Defendant moved to dismiss Count II of the complaint,

1

arguing Montana's Wrongful Discharge from Employment Act ("WDEA") is Plaintiff's exclusive remedy for his discharge. Defendant further argues negligent supervision requires a third party actor and Plaintiff's claim fails because no third party is involved in the circumstances surrounding his discharge.

Plaintiff's exclusive remedy lies under the WDEA. The WDEA provides the exclusive remedy for wrongful discharge in Montana with few exceptions. Mont. Code Ann. § 39-2-902; *Solle v. Western States Ins. Agency, Inc.*, 999 P.2d 328, 330-331 (Mont. 2000). The Montana Supreme Court has "held that § 39-2-913, MCA, bars all claims arising from an asserted wrongful discharge based upon common law tort or implied or express contract" so long as the tort or contract claims are for discharge. *Solle*, 999 P.2d at 331.

Plaintiff's claim is clearly based on his allegedly wrongful discharge from Northwestern Energy. Count I of his complaint alleges a violation of the WDEA, stating Defendant did not have good cause for his termination. (Doc. 4 at 2.) Count II alleges Defendant failed to properly train and supervise Plaintiff regarding his personal computer useage and such negligent supervision led to his discharge. Negligent supervision claims are generally based on a claim by an injured plaintiff against the tortfeasor's supervisor, not against the tortfeasor himself, as Plaintiff alleges here. *Saucier v. McDonald's Restaurants of Mont.*

2

*Inc.*, 179 P.3d 481, 495 (Mont. 2008); *Hoffman v. Austin*, 147 P.3d 177, 181 (Mont. 2006) *overruled on other grounds, Giambra v. Kelsey*, 162 P.3d 134 (Mont. 2007). Both Montana law and the Comments to the Restatement (Second) of Agency § 213 imply without directly stating that negligent supervision claims apply only to harms against third persons, not the employee directly.

Because the WDEA provides the exclusive remedy for Plaintiff's claim, this Court need not analyze whether a negligent supervision claim may be brought directly by an employee. Plaintiff had the opportunity to address these issues, and failed to respond to Defendant's motion to dismiss Count II. For this reason and because Defendant's motion is supported by Montana law, the motion will be granted. Accordingly,

IT IS ORDERED that Defendant's motion to dismiss Count II of the complaint (doc. 5) is GRANTED.

Dated this 29th day of January, 2013.

_____
Dana L. Christensen, District Judge
United States District Court